(Slip Opinion)                OCTOBER TERM, 2009                1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BLACK ET AL. *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 08–876.   Argued December 8, 2009—Decided June 24, 2010

Petitioners (hereinafter Defendants)—executives of Hollinger International, Inc. (Hollinger), a publicly held U. S. company—were indicted for mail fraud, 18 U. S. C. §§1341, 1346, and other federal crimes. At trial, the Government pursued alternative mail-fraud theories, charging that (1) Defendants stole millions from Hollinger by fraudulently paying themselves bogus "noncompetition fees"; and (2) by failing to disclose those fees, Defendants deprived Hollinger of their honest services. Before jury deliberations began, the Government proposed special-verdict forms that would reveal, in the event that the jury voted to convict on a mail-fraud count, the particular theory or theories accounting for the verdict. Defendants resisted, preferring an unelaborated general verdict. The Government ultimately acquiesced. The District Court instructed the jury on each of the alternative theories. As to honest-services fraud, the court informed the jury, over Defendants' timely objection, that a person commits that offense if he misuses his position for private gain for himself and/or a co-schemer and knowingly and intentionally breaches his duty of loyalty. The jury returned general verdicts of "guilty" on the mail-fraud counts, found that one Defendant was also guilty of obstruction of justice, and acquitted Defendants on all other charges.

On appeal, Defendants urged the invalidity of the honest-services-fraud jury instructions. Seeking reversal of their mail-fraud convictions, Defendants relied on *Yates* v. *United States*, 354 U. S. 298, 312, which held that a general verdict may be set aside "where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." The Seventh Circuit found no infirmity in the honest-services instructions, but further determined that even if those instructions were wrong, Defendants could not pre-

vail.  By opposing the Government-proposed special-verdict forms, the Court of Appeals declared, defendants had forfeited their objection to the instructions.  Their challenge would have become moot, the court observed, had the jury received special-verdict forms separating the alternative fraud theories, and reported on the forms that Defendants were not guilty of honest-services fraud.  Defendants, the Court of Appeals therefore reasoned, bore responsibility for the obscurity of the jury's verdict.

*Held*:

   1. In *Skilling* v. *United States*, decided today, *ante*, p. __, this Court vacated a conviction on the ground that the honest-services component of the federal mail-fraud statute, §1346, criminalizes only schemes to defraud that involve bribes or kickbacks.  That holding renders the honest-services instructions given in this case incorrect. P. 5.

   2. By properly objecting to the honest-services jury instructions at trial, Defendants secured their right to challenge those instructions on appeal.  They did not forfeit that right by declining to acquiesce in the Government-proposed special-verdict forms.  The Federal Rules of Criminal Procedure do not provide for submission of special questions to the jury.  In contrast, Federal Rule of Civil Procedure 49 provides for jury interrogatories of two kinds: special verdicts, Rule 49(a); and general verdicts with answers to written questions, Rule 49(b).  While the Criminal Rules are silent on special verdicts, they are informative on objections to instructions.  Criminal Rule 30(d) provides that a "party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate."  Defendants here, it is undisputed, complied with that requirement.  The Seventh Circuit, in essence, added a further requirement for preservation of a meaningful objection to jury instructions.  It devised a forfeiture sanction unmoored to any federal statute or criminal rule.  And it placed in the prosecutor's hands authority to trigger the sanction simply by requesting a special verdict.  To boot, the appeals court applied the sanction to Defendants, although they lacked any notice that forfeiture would attend their resistance to the Government's special-verdict request.  Criminal Rule 57(b) is designed to ward off such judicial invention.  It provides: "No sanction . . . may be imposed for noncompliance with any requirement not in federal law [or] federal rules . . . unless the alleged violator was furnished with actual notice of the requirement before the noncompliance."  Pp. 5–8.

   3. As in *Skilling,* the Court expresses no opinion on whether the honest-services instructional error was ultimately harmless, but

leaves that matter for consideration on remand.  P. 8.

530 F. 3d 596, vacated and remanded.

GINSBURG, J., delivered the opinion of the Court, in which ROBERTS, C. J., and STEVENS, BREYER, ALITO, and SOTOMAYOR, JJ., joined.  SCALIA, J., filed an opinion concurring in part and concurring in the judgment, in which THOMAS, J., joined.   KENNEDY, J., filed an opinion concurring in part and concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 08–876

_____

## CONRAD M. BLACK, JOHN A. BOULTBEE, AND MARK S. KIPNIS, PETITIONERS *v.* UNITED STATES

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

[June 24, 2010]

JUSTICE GINSBURG delivered the opinion of the Court.

In *Skilling* v. *United States*, decided today, *ante*, p. __, we vacated a conviction because the indictment rested, in part, on an improper construction of the "honest services" component of the federal ban on mail fraud, 18 U. S. C. §§1341, 1346. A similar infirmity is present in this case. Here, too, the Government and trial court advanced an interpretation of §1346 rejected by the Court's opinion in *Skilling*. Nevertheless, the Government urges, the convictions of the defendants below, petitioners here, should be affirmed for an independent reason. At trial, the Government pursued alternative theories: (1) money-or-property fraud; and (2) honest-services fraud. To pinpoint whether the jury based its verdict on money-or-property fraud, or honest-services fraud, or both, the Government proposed special interrogatories to accompany the verdict. The defendants resisted, preferring an unelaborated general verdict, and the Government ultimately acquiesced in that standard form of submission.

The Court of Appeals held that the defendants, by opposing the Government-suggested special interrogatories,

forfeited their objection to the honest-services-fraud in-
structions given to the jury.  530 F. 3d 596, 603 (CA7
2008).  We reverse that ruling.  A criminal defendant, we
hold, need not request special interrogatories, nor need he
acquiesce in the Government's request for discrete find-
ings by the jury, in order to preserve in full a timely raised
objection to jury instructions on an alternative theory of
guilt.

I

Petitioners Conrad Black, John Boultbee, and Mark
Kipnis, as well as Peter Atkinson,[1] (collectively, Defen-
dants) were leading executives of Hollinger International,
Inc. (Hollinger), a publicly held U. S. company that,
through subsidiaries, owned newspapers here and abroad.
In 2005, the Government indicted Defendants on multiple
counts, of prime concern here, three counts of mail fraud
in violation of §§1341 and 1346.[2]  Two theories were pur-
sued by the Government on each mail-fraud count.  The
Government charged that (1) Defendants stole millions
from Hollinger by fraudulently paying themselves bogus
"noncompetition fees"; and that (2) by failing to disclose
their receipt of those fees, Defendants deprived Hollinger
of their honest services as managers of the company.  App.
to Pet. for Cert. 24a–54a.

At the close of the four-month trial, the U. S. District
Court for the Northern District of Illinois instructed the
jury, discretely, on the theft-of-money-or-property and

---

[1] Peter Atkinson is a respondent in support of petitioners who quali-
fies for relief under this Court's Rule 12.6.  See Letter from Michael S.
Schachter to the Clerk of Court (July 29, 2009).

[2] Section 1341 criminalizes use of the mails to further "any scheme or
artifice to defraud, or for obtaining money or property by means of false
or fraudulent pretenses, representations, or promises."  Section 1346
defines the §1341 term "scheme or artifice to defraud" to include "a
scheme or artifice to deprive another of the intangible right of honest
services."

honest-services deprivation theories advanced by the Government. *Id.,* at 235a. As to the latter, the District Court informed the jury, over Defendants' objection, that a person commits honest-services fraud if he "misuse[s] his position for private gain for himself and/or a co-schemer" and "knowingly and intentionally breache[s] his duty of loyalty." *Id.,* at 235a–236a.

Before jury deliberations began, the Government asked the District Court to employ a special-verdict form, which would reveal, in the event that the jury voted to convict on a mail-fraud count, the theory or theories accounting for the verdict—money-or-property fraud, honest-services fraud, or both. See App. 430a.[3] Defendants opposed the Government-proposed special interrogatories and urged, instead, standard general-verdict forms. *Id.,* at 432a. Comprehending, however, that in the event of a guilty verdict, "the jury's specification of the [mail-]fraud theory might [aid] appellate review," *ibid.*, Defendants proposed an accommodation: Upon return of a guilty verdict on any mail-fraud count, jurors could be asked to specify the theory on which they relied, *id.,* at 433a.

The Government objected to special interrogatories presented to the jury postverdict, App. to Pet. for Cert. 222a, and the District Court declined to adopt that procedure, *id.,* at 225a.[4] When the court rejected postverdict

––––––––––

[3] The Government proposed this language for each defendant on each mail-fraud count:

"If you find the defendant . . . Guilty with respect to [this Count], you must answer the following question by checking the applicable lines.

"With respect to [this Count], we, the jury, find the following has been proven beyond a reasonable doubt (check all that apply):

"Defendant engaged in a scheme to defraud [Hollinger] and its shareholders of money or property \_\_\_\_

"Defendant engaged in a scheme to defraud [Hollinger] and its shareholders of their intangible right to honest services \_\_\_\_." App. 430a.

[4] In her years at the bar and on the bench, the trial judge commented,

interrogatories, the Government represented that it would
not object to submission of the mail-fraud counts for jury
decision by general verdict. *Id.,* at 228a. The jury re-
turned general verdicts of "guilty" on the three mail-fraud
counts;[5] it also found defendant Black guilty of obstruction
of justice in violation of 18 U. S. C. §1512(c)(1), and it
acquitted Defendants on all other charges.

On appeal, Defendants urged the invalidity of the jury
instructions on honest-services fraud. Under the rule
declared by this Court in *Yates* v. *United States*, 354 U. S.
298, 312 (1957), a general verdict may be set aside "where
the verdict is supportable on one ground, but not on an-
other, and it is impossible to tell which ground the jury
selected." Relying on that rule, Defendants urged reversal
of their mail-fraud convictions. The Court of Appeals
found no infirmity in the honest-services instructions, 530
F. 3d, at 600–602, but further determined that Defendants
could not prevail even if those instructions were wrong,
*id.,* at 602–603. For this determination, the court homed
in on the Government's special-verdict proposal.

The challenge to the honest-services instructions would
have become moot, the court observed, had the jury re-
ceived special-verdict forms separating money-or-property
fraud from honest-services fraud, and reported on the
forms that Defendants were not guilty of honest-services
fraud. Defendants, the Court of Appeals reasoned, bore
responsibility for the obscurity of the jury's verdict. True,
the court acknowledged, it was not incumbent on Defen-
dants to request special verdicts. But by resisting the
Government's proposal for separate findings on money-or-
property fraud and on honest-services fraud, and request-

---

she had "absolutely" never seen the postverdict procedure used. App. to
Pet. for Cert. 225a.

[5] The District Court later granted Kipnis' motion for judgment of
acquittal on one of these counts.

ing general verdicts instead, the Seventh Circuit concluded, Defendants had "forfeited their objection to the [honest-services] instruction[s]." *Id.,* at 603. Defendants' suggestion of postverdict interrogatories did not, in the Court of Appeals' view, overcome the forfeiture, for "[q]uestioning the jurors after they have handed down their verdict is not a good procedure and certainly not one that a district judge is *required* to employ." *Ibid.*[6]

We granted certiorari in this case, 556 U. S. \_\_\_ (2009), along with *Skilling* v. *United States*, 558 U. S. \_\_\_ (2009), and *Weyhrauch* v. *United States*, 557 U. S. \_\_\_ (2009), to determine what conduct Congress rendered criminal by proscribing, in §1346, fraudulent deprivation of "the intangible right of honest services." We also agreed to consider in this case the question whether Defendants forfeited their objection to the honest-services jury instructions by opposing the Government's request for special verdicts.

## II

We decided in *Skilling* that §1346, properly confined, criminalizes only schemes to defraud that involve bribes or kickbacks. See *ante*, p. \_\_. That holding renders the honest-services instructions given in this case incorrect,[7] and brings squarely before us the question presented by the Seventh Circuit's forfeiture ruling: Did Defendants, by failing to acquiesce in the Government's request for special verdicts, forfeit their objection, timely made at trial, to the honest-services instructions?

--------

[6] See, *e.g., Jacobs Mfg. Co.* v. *Sam Brown Co.*, 19 F. 3d 1259, 1267 (CA8 1994) ("Postverdict interrogatories may imply the jury's verdict is unjustified and cause the jury to answer the interrogatories in a manner inconsistent with the verdict."); cf. *Yeager* v. *United States*, 557 U. S. \_\_\_, \_\_\_ (2009) (slip op., at 11) ("Courts properly avoid . . . explorations into the jury's sovereign space.").

[7] The scheme to defraud alleged here did not involve any bribes or kickbacks.

   In addressing this issue, we note first the absence of any
provision in the Federal Rules of Criminal Procedure for
submission of special questions to the jury. See *Stein* v.
*New York*, 346 U. S. 156, 178 (1953) ("Our own Rules of
Criminal Procedure make no provision for anything but a
general verdict."), overruled on other grounds, *Jackson* v.
*Denno*, 378 U. S. 368 (1964).[8]   The sole call for special
findings in the Criminal Rules concerns nonjury trials.
Rule 23(c) provides: "If a party [in a case tried without a
jury] requests before the finding of guilty or not guilty, the
court must state its specific findings of fact in open court
or in a written decision or opinion."

   In contrast, the Federal Rules of Civil Procedure provide
for jury interrogatories of two kinds: special verdicts,
which instruct the jury to return "a special written finding
on each issue of fact," Rule 49(a); and general verdicts
with answers to "written questions on one or more issues
of fact," Rule 49(b).[9]   Although not dispositive,[10] the ab-
sence of a Criminal Rule authorizing special verdicts
counsels caution.[11]

———————

   [8]The absence of a special verdict or interrogatory provision in the
Criminal Rules is hardly accidental. See *Skidmore* v. *Baltimore & Ohio
R. Co.,* 167 F. 2d 54, 70 (CA2 1948) (L. Hand, J., concurring) ("I should
like to subject a verdict, as narrowly as was practical, to a review which
should make it in fact, what we very elaborately pretend that it should
be: a decision based upon law. In criminal prosecutions there may be,
and in my judgment there are, other considerations which intervene to
make such an attempt undesirable.").

   [9]Although the special interrogatories requested by the Government
in this case have been called "special verdicts" by the parties and the
courts below, they more closely resemble what Civil Rule 49(b) de-
scribes as "general verdict[s] with answers to written questions."
(Capitalization omitted.)

   [10]See Fed. Rule Crim. Proc. 57(b) (when there is no controlling law,
"[a] judge may regulate practice in any manner consistent with federal
law, these rules, and the local rules of the district").

   [11]By calling for caution, we do not mean to suggest that special ver-
dicts in criminal cases are never appropriate. See *United States* v.

While the Criminal Rules are silent on special verdicts, they are informative on objections to instructions. Rule 30(d) "clarifies what . . . counsel must do to preserve a claim of error regarding an instruction." Advisory Committee's Notes on 2002 Amendment on Fed. Rule Crim. Proc. 30(d), 18 U. S. C. App., p. 915. The Rule provides: "A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Defendants here, it is undisputed, complied with that requirement.[12]

The Court of Appeals, in essence, added a further requirement for preservation of a meaningful objection to jury instructions. It devised a forfeiture sanction unmoored to any federal statute or criminal rule. And it placed in the prosecutor's hands authority to trigger the sanction simply by requesting a special verdict. See 530

———————

*Ruggiero*, 726 F. 2d 913, 922–923 (CA2 1984) (in complex Racketeer Influenced and Corrupt Organizations Act cases, "it can be extremely useful for a trial judge to request the jury to record their specific dispositions of the separate predicate acts charged, in addition to their verdict of guilty or innocence"); *id.,* at 927 (Newman, J., concurring in part and dissenting in part) ("[A] District Court should have the discretion to use a jury interrogatory in cases where risk of prejudice to the defendant is slight and the advantage of securing particularized fact-finding is substantial.").

[12] The Government asserts that Defendants' opposition to a special verdict resulted in forfeiture not of their jury-instruction objection, but of their "*Yates* argument" that any instructional error may "requir[e] reversal." Brief for United States 52, and n. 21 (internal quotation marks omitted). The Government thus appears to concede that Defendants preserved their instructional challenge, but maintains that they are powerless to ask a court to assess the prejudicial effect of any error they may be able to demonstrate. See Reply Brief 29, n. 10 (on Government's view, "[Defendants] could still 'claim' they were wrongly convicted, they just could not ask a court to do anything about it"). We see little merit in the Government's attempt to divorce preservation of a claim from preservation of the right to redress should the claim succeed.

F. 3d, at 603.[13]  To boot, the Court of Appeals applied the sanction to Defendants, although they lacked any notice that forfeiture would attend their resistance to the Government's special-verdict request.  There is a Rule designed to ward off judicial invention of the kind present here.  Federal Rule of Criminal Procedure 57(b) admonishes: "No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law [or] federal rules . . . unless the alleged violator was furnished with actual notice of the requirement before the noncompliance."

We hold, in short, that, by properly objecting to the honest-services jury instructions at trial, Defendants secured their right to challenge those instructions on appeal.  They did not forfeit that right by declining to acquiesce in the Government-proposed special-verdict forms.  Our decision in *Skilling* makes it plain that the honest-services instructions in this case were indeed incorrect.  As in *Skilling*, *ante*, at 40–41, we express no opinion on the question whether the error was ultimately harmless, but leave that matter for consideration on remand.[14]

\*　　\*　　\*

For the reasons stated, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

---

[13] Rendering the Seventh Circuit's forfeiture ruling all the more anomalous, at the time the trial court settled on the general verdict form, the Government was no longer pressing its special-verdict request.  See App. to Pet. for Cert. 228a.

[14] Black contends that spillover prejudice from evidence introduced on the mail-fraud counts requires reversal of his obstruction-of-justice conviction.  Brief for Petitioners 47–49.  That question, too, is one on which we express no opinion.

# SUPREME COURT OF THE UNITED STATES

————

No. 08–876

————

## CONRAD M. BLACK, JOHN A. BOULTBEE, AND MARK S. KIPNIS, PETITIONERS *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SEVENTH CIRCUIT

[June 24, 2010]

JUSTICE SCALIA, with whom JUSTICE THOMAS joins, concurring in part and concurring in the judgment.

I join the Court's opinion with two exceptions. First, I do not join in its reliance, *ante*, at 7, on the Notes of the Advisory Committee in determining the meaning of Federal Rule of Criminal Procedure 30(d). The Committee's view is not authoritative. See *Krupski* v. *Costa Crociere S. p. A.*, 560 U. S. ___, ___ (2010) (SCALIA, J., concurring in part and concurring in judgment) (slip op., at 1). The Court accurately quotes the text of the Rule, see *ante*, at 7, the meaning of which is obvious. No more should be said.

Second, I agree with the Court, *ante*, at 5, 8, that the District Court's honest-services-fraud instructions to the jury were erroneous, but for a quite different reason. In my view, the error lay not in instructing inconsistently with the theory of honest-services fraud set forth in *Skilling* v. *United States*, *ante*, p. ___, but in instructing the jury on honest-services fraud *at all*. For the reasons set forth in my opinion in that case, 18 U. S. C. §1346 is unconstitutionally vague. *Skilling, ante,* p. ___ (SCALIA, J., concurring in part and concurring in judgment).

# SUPREME COURT OF THE UNITED STATES

———————

No. 08–876

———————

## CONRAD M. BLACK, JOHN A. BOULTBEE, AND MARK S. KIPNIS, PETITIONERS *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

[June 24, 2010]

JUSTICE KENNEDY, concurring in part and concurring in the judgment.

I join the Court's opinion except for those parts stating that 18 U. S. C. §1346 "criminalizes only schemes to defraud that involve bribes or kickbacks." *Ante*, at 5. For the reasons set forth in JUSTICE SCALIA's separate opinion in *Skilling* v. *United States*, *ante*, p. \_\_\_ (opinion concurring in part and concurring in judgment), §1346 is unconstitutionally vague. To convict a defendant based on an honest-services-fraud theory, even one limited to bribes or kickbacks, would violate his or her rights under the Due Process Clause of the Fifth Amendment.